```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN MICHAEL BOHONYI             :      CIVIL ACTION
                                 :
          v.                     :
                                 :
CATHERINE C. MCVEY, et al.       :      NO. 07-4045
```

MEMORANDUM

Bartle, C.J.                                    September 9, 2008

        Before the court is the petition of John Bohonyi for habeas corpus relief under 28 U.S.C. § 2254. He contends that he is entitled to a new trial because of ineffective assistance of trial counsel under the standard set forth by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

I.

        On April 23, 2002, Investigator Lisa DeMartini of the Delaware County Internet Crimes Against Children Task Force entered a "Young Females" internet chat room while using a profile which described her as a thirteen-year-old girl. She received a communication commonly known as an "instant message" from a person using the screen name "RuFfRiDa30," which turned out to be the petitioner, John Bohonyi, a twenty-year-old college student. After the Investigator represented to Bohonyi that she was a thirteen-year-old female, Bohonyi asked her for a physical description of herself and began to ask questions about her level

of sexual experience.  Bohonyi began to describe his own body and his recent sexual experiences with a fourteen-year-old girl who lived in his neighborhood.  Over the next four months, Bohonyi proceeded to have many sexually explicit conversations with the Investigator through the use of instant messages and e-mail.  Bohonyi sought and received numerous assurances from the Investigator that she was in fact thirteen and that she was not a police officer.

Bohonyi eventually suggested that he and the Investigator meet for a sexual liaison.  The two agreed that such a meeting would occur at a Wawa convenience store in Media, Delaware County, Pennsylvania at 2:00 p.m. on August 12, 2002.  Bohonyi told the Investigator that he would be driving a black Jeep Cherokee and wearing a white shirt and a red baseball hat turned backward.  On the specified date around 2:00 p.m., police officers stationed at the Wawa in Media observed Bohonyi wearing a white shirt sitting in a black Jeep Cherokee parked in a lot directly across the street from the Wawa, facing toward the store.  One of the officers walked by the Jeep and observed a red baseball hat lying in the front of the vehicle.

The police took Bohonyi into custody and transported him to the police station where, after being informed of and waiving his Miranda rights, he made a statement to the officers.  He conceded authorship of the material attributed to him in the

online conversations. Bohonyi admitted that he went to Media in order to meet with his Internet correspondent and that he "knew" she was thirteen years old.

The Commonwealth initiated a criminal action against Bohonyi in the Court of Common Pleas of Delaware County. The criminal complaint charged him with criminal use of a communication facility[1]; criminal attempt[2] to commit: (1) corruption of minors,[3] (2) statutory sexual assault,[4] and (3) involuntary deviate sexual intercourse[5]; and criminal solicitation[6] to commit: (1) statutory sexual assault and (2) involuntary deviate sexual intercourse.

At trial, Bohonyi testified. He maintained that his online descriptions of sexual exploits with girls in their early teenage years were imaginary. He denied that he engaged in the sexually explicit online conversations with the Investigator for the purpose of actually meeting her. Bohonyi explained that the reason he went to Media on August 12 was merely to satisfy his curiosity and to observe the person with whom he had been

---

1. 18 Pa. Cons. Stat. Ann. § 7512(a).
2. Id. § 901.
3. Id. § 6301.
4. Id. § 3122.1.
5. Id. § 3123.
6. Id. § 902.

conversing, not to pursue any sexual activities. He also stated that when he told the police officers he "knew" his Internet correspondent was only thirteen, he meant only that he knew she had represented that age to him.

On October 23, 2003, a jury found Bohonyi guilty of criminal use of a communication facility, criminal attempt to commit corruption of minors, and criminal solicitation to commit statutory sexual assault and involuntary deviate sexual intercourse. The jury acquitted Bohonyi on the charges of criminal attempt to commit statutory sexual assault and involuntary deviate sexual intercourse. The court imposed an aggregate prison term of two to five years.

After sentencing, Bohonyi retained new counsel who filed a post-sentence motion that alleged ineffective assistance of trial counsel. After a hearing on June 28, 2004, the trial judge determined that Bohonyi's trial counsel had not been deficient and denied Bohonyi's motion. On direct appeal, Bohonyi raised several issues. One issue was whether trial counsel was "ineffective in failing to request a jury instruction that [petitioner] must be found not guilty unless the Commonwealth has proven beyond a reasonable doubt that the [petitioner] knew that alleged complainant was 13 years of age." The Superior Court of Pennsylvania affirmed the judgment and conviction. Commw. v. Bohonyi, 900 A.2d 877 (Pa. Super. 2006). The Pennsylvania

Supreme Court thereafter denied Bohonyi's ensuing petition for allowance of an appeal. Commw. v. Bohonyi, 917 A.2d 312 (Pa. 2007).

Bohonyi timely filed the instant petition for habeas relief. He seeks a new trial based upon "denial of effective assistance of counsel in failing to request a jury instruction that Commonwealth had to prove that Defendant knew or had reason to believe that the person with whom he was communicating over the internet was under the age of 16."

II.

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which placed restrictions on the power of federal courts to grant habeas corpus relief to state prisoners such as Bohonyi. See 28 U.S.C. § 2254. The law took effect on April 24, 1996 and governs all subsequently filed petitions. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000); 28 U.S.C. § 2254(d). Petitioner filed his habeas corpus petition in this court on September 25, 2007.

Under § 2254(a) a federal court may entertain habeas corpus petitions from those persons in "custody pursuant to the judgment of a State court and to grant relief only on the ground that they are in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Werts, 228 F.3d at 195-96. Before relief can be granted, however, a

state prisoner must have exhausted available state remedies. See 28 U.S.C. §§ 2254(b)(1)(A), (c). Exhaustion requires a petitioner first to present fairly all federal claims through one complete round of the state appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002). To present a claim fairly, a petitioner "must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice" of the federal claim that is being asserted. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 277-78 (1971)). "A petitioner can 'fairly present' his claim through: (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." Nara v. Frank, 488 F.3d 187 (3d Cir. 2007) (citing McCandless, 172 F.3d at 260).

  The Commonwealth argues that Bohonyi is precluded from federal habeas review because in the Pennsylvania post-conviction proceeding he simply presented his ineffectiveness of counsel claims as a violation of his state rights and not also as a violation of his rights arising under the federal Constitution.

Bohonyi responds that he put the state courts on notice of the federal nature of his claim by citing both the Sixth Amendment to the United States Constitution as well as Pennsylvania cases which discussed <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the watershed case in which the United States Supreme Court affirmed the existence of the right to effective assistance of counsel under the Constitution.  466 U.S. at 684, 686.

After review of the record, we are satisfied that Bohonyi fairly presented his federal claim to the Pennsylvania courts and has met the exhaustion requirement so that we may review the merits of his petition.  Accordingly, we will proceed to address the substance of his allegations.

III.

Even if a petitioner has exhausted available state remedies and has met all other procedural requirements, federal habeas relief is barred unless the state court adjudication:

> (1) resulted in a decision that was contrary
> to, or involved an unreasonable application
> of, clearly established Federal law, as
> determined by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was based on
> an unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).  In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the Supreme Court explained the standard of review under § 2254(d)(1) in the context of a claim of ineffective assistance

of counsel.  The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning.  Williams, 529 U.S. at 405; Outten v. Kearney, 464 F.3d 401, 413 (3d Cir. 2006).

"A state court decision is 'contrary to' clearly established federal law if it (1) 'contradicts the governing law set forth in the Supreme Court's cases' or (2) 'confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result.'"  Outten, 464 F.3d at 413 (quoting Williams, 529 U.S. at 405-06).  The petitioner must demonstrate that Supreme Court precedent requires an outcome "substantially different" from that reached by the state court, not simply an outcome that is "more plausible[.]"  Id.

Under the "unreasonable application" standard, we may grant habeas relief "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at 413.  A federal habeas court may not grant relief "unless the state court decision ... cannot reasonably be justified under existing Supreme Court precedent."  Outten, 464 F.3d at 414 (citation omitted).

The Supreme Court recently clarified the test we must apply before granting relief where we find constitutional error:

> [I]n § 2254 proceedings a court must assess
> the prejudicial impact of constitutional

> error in a state-court criminal trial under the "substantial and injurious effect" standard set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993), whether or not the state appellate court recognized the error and reviewed it for harmlessness under the "harmless beyond a reasonable doubt" standard set forth in Chapman v. California, 386 U.S. 18 (1967).

Fry v. Pliler, 127 S. Ct. 2321, 2328 (2007). Thus, even if we conclude that constitutional error occurred in the state court, we may not grant relief unless the error "had a substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 631.

Bohonyi argues that his trial counsel was deficient under Strickland v. Washington, 466 U.S. 668 (1984), for failing to request the jury instruction described above. In Strickland, the United States Supreme Court established a two-part test with which to evaluate Sixth Amendment claims of ineffective assistance of counsel. 466 U.S. at 687-90. An individual asserting such a claim must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced him or her. Id.; see also Harrington v. Gillis, 456 F.3d 118, 125 (3d Cir. 2006).

To establish deficient performance an individual must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citation omitted). The Supreme Court has

emphasized that "the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688; see also Wiggins, 539 U.S. at 521.  The Court has also cautioned that "hindsight is [to be] discounted by pegging adequacy to counsel's perspective at the time [allegedly ineffective decisions were made] ... and by giving a heavy measure of deference to counsel's judgments." Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).

Bohonyi claims that on the charges of criminal solicitation to commit statutory sexual assault and involuntary deviate sexual intercourse, his counsel should have requested a jury instruction that the Commonwealth was required to prove, as an element of its case, that Bohonyi believed the person with whom he was communicating to be under sixteen years of age. Bohonyi offers two grounds as to why his counsel should have requested such an instruction: first, because Bohonyi introduced evidence in support of a "mistake as to age" defense at trial, and second, because under In re Winship, 397 U.S. 358 (1970), the prosecution bears the burden of proving defendant's knowledge as to the age of the complainant even in the absence of a "mistake as to age" defense.

Under Pennsylvania law, the crime of statutory sexual assault is defined as follows:

> Except as provided in section 3121 (relating to rape), a person commits a felony of the

> second degree when that person engages in
> sexual intercourse with a complainant under
> the age of 16 years and that person is four
> or more years older than the complainant and
> the complainant and the person are not
> married to each other.

18 Pa. Cons. Stat. Ann. § 3122.1.  A person commits the crime of involuntary deviate sexual intercourse when he or she "engages in deviate sexual intercourse with a complainant: ... (7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other."  Id. § 3123.[7]  A person commits criminal solicitation "if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission."  Id. § 902(a).  The Chapter on Sexual Offenses in the Pennsylvania Consolidated Statutes Annotated specifically provides for a single affirmative defense, available only under certain circumstances:  "When criminality depends on the child's being below a critical age older than 14 years, it is a defense for the defendant to prove by a preponderance of the evidence that he or

---

7.   The term "deviate sexual intercourse" means "[s]exual intercourse per os or per anus between human beings ...."  18 Pa. Cons. Stat. Ann. § 3101.  It is undisputed that the conversations between Bohonyi and the complainant included discussions of such conduct.

she reasonably believed the child to be above the critical age." Id. § 3102.[8]

Although the complainant in this case was a police officer impersonating a 13-year-old girl, the criminal statutes under which Bohonyi was charged prohibit certain conduct with individuals under a critical age of 16.  Bohonyi was therefore entitled to offer evidence that he "reasonably believed the child to be above the critical age," that is, that he possessed an affirmative belief that the complainant was over sixteen years of age.  Both the Pennsylvania trial court and the Pennsylvania Superior Court found that Bohonyi had not introduced any evidence of that kind at trial.  Bohonyi, 900 A.2d at 884.

Our examination of the record reveals that Bohonyi insisted repeatedly throughout his testimony that he lacked knowledge as to the identity of the complainant.  When on cross-examination the prosecutor asked Bohonyi whether he assumed the complainant was older than 13, Bohonyi answered, "I didn't know what to assume."  N.T. 10/22/03, 403.  He also stated, "I don't know what she - you know, who this person was ...."  Id. at 409.  When asked whom he expected to appear at the time of the arranged

---

8. The statute also provides that, "Except as otherwise provided, whenever in this chapter the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the defendant did not know the age of the child or reasonably believed the child to be the age of 14 years or older."  Id. § 3102.  That provision does not apply here.

-12-

meeting, Bohonyi responded, "I didn't know what to expect. ...  I was curious to see who was going to be there.  It could have been a 40-year-old lady or a 40-year-old man, I mean, I don't know."  Id. at 358.  Bohonyi also commented that he did not think the complainant was thirteen years old when they began talking for the first time, id. at 347, and that he had initially gone into the "Young Females" chat room to meet girls his own age, id. at 390.

A "mistake as to age" defense has no relevance in a case such as this, where the defendant expresses a lack of belief or knowledge as to the age of the complainant and does not assert that he reasonably believed the complainant to be above the critical age.  At no point did Bohonyi introduce any evidence, testimonial or otherwise, of the kind required by the statute, that is, evidence that he reasonably believed the complainant to be over sixteen years of age.  Instead, he was adamant that he had no conception of the age or identity of the person on the receiving end of his messages.

> The Pennsylvania Superior Court has stated:
>
> The law is well settled that a trial court is not obligated to instruct a jury upon legal principles which have no applicability to the presented facts.  There must be some relationship between the law upon which an instruction is requested and the evidence presented at trial.  However, a defendant is entitled to an instruction on any recognized defense which has been requested, which has been made an issue in the case, and for which

>     there exists evidence sufficient for a
>     reasonable jury to find in his or her favor.

Commw. v. Buksa, 655 A.2d 576, 583 (Pa. Super. 1995) (citations and internal quotations omitted).  Here, the defense had no "applicability to the presented facts" and the evidence obviously fell far short of being "sufficient for a reasonable jury to find in [Bohonyi's] favor" in this respect.  Accordingly, the Pennsylvania Superior Court did not unreasonably apply the Strickland standard in finding that Bohonyi's trial counsel was not deficient for his failure to request a jury instruction on the "mistake as to age" defense.

       We next address Bohonyi's contention that the Pennsylvania Superior Court ignored Winship, and therefore misapplied Strickland, when it declared that "absent [a 'mistake as to age'] defense being proffered by the defendant, the Commonwealth bears no burden of proof regarding the defendant's knowledge of or belief as to the age of the child victim."  Bohonyi, 900 A.2d at 884.  Winship, as noted above, held that the prosecution has the burden of proof on all elements of the crimes with which a defendant has been charged.  397 U.S. at 364.

       Under Pennsylvania law, the statutory provisions for the crimes of statutory sexual assault and involuntary deviate sexual intercourse contain no express requirement that the prosecution prove any knowledge or belief by the defendant as to the age of the complainant in order to secure a conviction.  18

-14-

Pa. Cons. Stat. Ann. §§ 3122.1, 3123.  Moreover, the Pennsylvania Superior Court, not only in Bohonyi but also more recently in Commw. v. A.W.C., 951 A.2d 1174, 1178 n.3 (Pa. Super. 2008), has rejected the argument that those statutes contain any such implicit requirement.

Bohonyi directs us to Alexander v. Shannon, 163 F. App'x 167 (3d Cir. 2006), in which the late Judge Becker, writing for our Court of Appeals, rejected a habeas corpus challenge in a case where the defendant was convicted of statutory sexual assault and corrupting the morals of a minor in Pennsylvania. The fifty-two-year-old defendant in that case had engaged in a consensual sexual relationship with an actual fifteen-year-old girl.  The Court, citing among other things the "strong evidence suggesting that [the defendant] knew or suspected that [the complainant] was under 16," rejected the defendant's contention that prosecutorial misconduct had irreparably tainted the proceedings.  163 F. App'x at 171.  In that case, however, the defendant had introduced evidence and expressly invoked the "mistake as to age" defense contained in 18 Pa. Cons. Stat. Ann. § 3102.  Id.  As discussed earlier, Bohonyi presented no evidence that he believed the complainant in this case to be over the age of sixteen.

Bohonyi references other cases in which federal circuit courts have held that the prosecution must prove the defendant's

-15-

culpable state of mind even where the statute at issue apparently lacked such a requirement.  See United States v. Gardner, 488 F.3d 700 (6th Cir. 2007); United States v. Dobson, 419 F.3d 231 (3d Cir. 2005).  The courts in these cases were interpreting federal statutes on direct appeal.  It is not our role under § 2254 to second-guess Pennsylvania courts on the proper interpretation of Pennsylvania statutes.  Rather, we must simply determine whether the underlying state decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d).  Bohonyi has directed us to no Supreme Court precedent requiring that, in a prosecution for statutory sexual assault and involuntary deviate sexual intercourse, the Commonwealth prove the defendant's knowledge of or belief as to the complainant's age.

We recognize that Pennsylvania's criminal statutes do not specifically address the situation in which a police officer impersonates a minor in online chat rooms or message boards for the purpose of apprehending potential sex offenders.  Nonetheless, numerous Pennsylvania courts have concluded that the absence of an actual minor, in and of itself, will not prevent a defendant from being convicted of criminal solicitation or criminal attempt to commit the crimes at issue here, namely, statutory sexual assault and involuntary deviate sexual

intercourse.  See Commw. v. Crabill, 926 A.2d 488, 492 (Pa. Super. 2007); Commw. v. Zurburg, 937 A.2d 1131 (Pa. Super. 2007), petition for allowance of appeal denied, No. 1 MAL, 2008 WL 2312802 (Pa. May 20, 2008); Commw. v. John, 854 A.2d 591, 596-97 (Pa. Super. 2004).  None of these cases has held that in this particular situation, where the charged crime is solicitation rather than the substantive offense itself, the Commonwealth carries any burden of proof as to the defendant's knowledge of or belief as to the age of the complainant.  Bohonyi cites no Pennsylvania decision or clearly established federal law to the contrary.  Thus Winship is not applicable.

We find that the Pennsylvania Superior Court's decision was not an objectively unreasonable application of the law as determined by the United States Supreme Court.  His counsel was clearly not deficient for failing to request a jury instruction to which Bohonyi was not entitled under Pennsylvania law or the federal Constitution. Consequently, we will deny relief to Bohonyi on the basis of his Strickland claim.

IV.

For the reasons discussed above, John Bohonyi has not demonstrated that he is entitled to relief.  Accordingly, we will deny his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  We will not issue a certificate of appealability.

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN MICHAEL BOHONYI            :         CIVIL ACTION
                                :
          v.                    :
                                :
CATHERINE C. MCVEY, et al.      :         NO. 07-4045
```

ORDER

　　　　AND NOW, this     day of September, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

　　　　(1)  the petition of John Bohonyi for a Writ of Habeas Corpus under 28 U.S.C. § 2254 is DENIED; and

　　　　(2)  a certificate of appealability is not issued.

　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　/s/ Harvey Bartle III
　　　　　　　　　　　　　　　　　　　　　　　　　　　　C.J.